**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**LORI KARCHER, on behalf of herself and all others similarly situated,**

    **Plaintiff,**

v.                                                    **Case No: 5:25-cv-67-MSS-PRL**

**LOCKHART, MORRIS & MONTGOMERY, INC., a Texas corporation,**

    **Defendant.**

___

**ORDER**

This cause comes before the Court on Defendant Lockhart, Morris & Montgomery, Inc.'s Agreed Motion to Set Aside Clerk's Entry of Default. (Doc. 14). Pursuant to Federal Rule of Civil Procedure 55(c), Defendant moves to set aside the default entered on March 4, 2025 (Doc. 13). (Doc. 14 at pp. 2-3). Defendant represents to the Court that Plaintiff has agreed to the relief requested in the motion and has no opposition to setting aside the default entered against it. (*Id.*). Because there is good cause to set aside the clerk's entry of default, Defendant's motion is due to be granted.

Plaintiff initiated this Fair Debt Collection Practices Act ("FDCPA") action on January 30, 2025 (Doc. 1) and served Defendant with the complaint on February 5, 2025 (Doc. 11). After failing to respond to the complaint by the February 26, 2025 deadline, Plaintiff promptly moved for entry of a clerk's default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) on February 27, 2025. (Doc. 12). The clerk entered a default against Defendant on March 4, 2025. (Doc. 13).

Two weeks later, on March 19, 2025, Defendant filed the instant motion. (Doc. 14). Simultaneous with the motion, Defendant filed its answer to the complaint. (Doc. 15). In the motion, Defendant claims that the unintentional delay in responding to the complaint was caused by a clerical error on the part of their counsel, who inadvertently failed to calendar the date for filing an answer. (Doc. 14 at p. 1). Defendant argues that its request to set aside the entry of default is supported by good cause because it was not culpable or willful in failing to respond to the complaint, Plaintiff will not be prejudiced if the default is set aside as Plaintiff has agreed to set aside the default, and it has a meritorious defense to Plaintiff's claims. (*Id.* at pp. 1-3).

Under Rule 55(c) a "court may set aside an entry of default for good cause." *See* Fed. R. Civ. P. 55(c). "Good cause is a mutable standard, varying from situation to situation." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotations omitted). The "good cause" standard under Rule 55(c) is a "liberal" standard, "but not [one] so elastic as to be devoid of substance." *See id.*; *Baker v. Warner/Chappell Music, Inc.*, No. 14-CV-22403, 2015 WL 1534522, at *3 (S.D. Fla. Apr. 6, 2015) ("To obtain relief under Rule 55(c), the movant must only make a 'bare minimum showing' to support its claim for relief.") (quoting *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1998)). "Even where there is uncertainty as to whether 'good cause' exists, courts generally set aside the default so that the case may be decided on its merits." *Radio Sys. Corp. v. E.A. Distribution, Inc.*, No. 8:17-CV-1477-T-36AAS, 2018 WL 2017726, at *1 (M.D. Fla. May 1, 2018) (citing *Singh v. Hopkins Meat Packing, Inc.*, No. 6:08-CV-1605-ORL-35KRS, 2008 WL 4922071, at *2 (M.D. Fla. Nov. 13, 2008)); *see Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780,

783 (11th Cir. 1993) ("[D]efaults are seen with disfavor because of the strong policy [in the Eleventh Circuit] of determining cases on their merits.").

Generally, courts consider several factors in determining whether to set aside an entry of default, including: (1) "whether the default was culpable or willful"; (2) "whether setting [default] aside would prejudice the adversary"; and (3) "whether the defaulting party presents a meritorious defense." *See Compania Interamericana Export-Import, S.A.*, 88 F.3d at 951. Other factors that courts have considered are: (4) "whether the public interest was implicated"; (5) "whether there was significant financial loss to the defaulting party"; and (6) "whether the defaulting party acted promptly to correct the default." *See id*.

Here, good cause exists to set aside the clerk's entry of default against Defendant. Defendant has provided an explanation for its failure to respond, showing that it was neither culpable nor willful in defaulting, as counsel inadvertently failed to calendar the date of the answer deadline. Defendant explains that after learning of the default, their counsel acted promptly to correct the default by conferring with opposing counsel regarding the unintentional delay in responding to the complaint and setting aside the default. Defendant represents that Plaintiff has agreed to set aside the default, and as a result, Plaintiff will not suffer any prejudice from setting aside the default. Finally, Defendant has presented a meritorious defense to Plaintiff's FDCPA claim, asserting that it did not violate the FDCPA because, among other reasons, it "sent a Model Validation Notice to Plaintiff in compliance with the FDCPA and Regulation F." (Doc. 14 at p. 2); (Doc. 15).

Accordingly, upon due consideration, Defendant Lockhart, Morris & Montgomery, Inc.'s Agreed Motion to Set Aside Clerk's Entry of Default (Doc. 14) is **GRANTED**. The Clerk is directed to set aside the default entered against Defendant Lockhart, Morris & Montgomery, Inc. (Doc. 13).

**DONE** and **ORDERED** in Ocala, Florida on March 24, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties